UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DANIEL L. SNOWDEN, | Case No.: 1:19-cv-00843-JLT (PC) |
|---|---|
| Plaintiff, | **ORDER REQUIRING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT *OR* NOTIFY THE COURT OF HIS DESIRE TO PROCEED ONLY ON CLAIMS FOUND COGNIZABLE** |
| v. | |
| H. TATE; M. TOSCANO, | |
| Defendants. | (Doc. 1) |
| | 21-DAY DEADLINE |

Plaintiff alleges the defendants subjected him to retaliation, cruel and unusual punishment, and due process violations under the First, Eighth, and Fourteenth Amendments. (Doc. 1.) The Court finds that Plaintiff states viable claims of retaliation and deliberate indifference to serious medical needs, but he fails to state a cognizable due process claim.

**I.  SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

1

699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal

rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

**III.   DISCUSSION**

    **C. Plaintiff's Factual Allegations**

Mr. Snowden alleges that on December 20, 2018, he visited Dr. Tate to address his chronic pain. (Doc. 1 at 13.) Plaintiff was diagnosed with chronic pain syndrome in 2017. Plaintiff alleges that, after informing Dr. Tate of his pain, Tate began to laugh and said, "'f… you and your pain … you['re] a dumb … inmate who [doesn't] know what real pain is.'" (*Id.*) Plaintiff told Tate that he was acting unprofessionally, and Plaintiff would file a health care grievance to address his "poor conduct." (*Id.* at 13-14.) Tate replied that, if Plaintiff filed a grievance, he would "f… [Plaintiff's] whole world up." (*Id.* at 14.)

Plaintiff filed a grievance against Dr. Tate. (*Id.*) On January 15, 2019, Tate "completely stopped" Plaintiff's pain medication. (*Id.*) Plaintiff filed several health care requests to restart his medication due to "severe neck pain," but Tate denied these requests and any type of "pain management." (*Id.* at 14-15.)

On December 24, 2018, Plaintiff appeared before a classification committee to "receive a chrono for the plaintiff's high risk medical." (*Id.* at 15.) On January 16, 2019, Correctional Counselor Toscano informed Plaintiff that he had spoken with Dr. Tate, and "they both agreed 'that they would make sure that [his] high risk medical chrono would be taken away.'" (*Id.* at 15-16.) Toscano then "had the plaintiff appear before classification and had [his] high risk medical taken away and made [him] medium risk medical…. Plaintiff's transfer to a medical facility was also [cancelled]." (*Id.* at 16.)

Plaintiff states that he has been in severe pain, including migraines and muscle spasms, and he cannot eat solid foods due to the pain. (*Id.* at 17.) He states that every time he visits Dr. Tate, he is met with "anger, frustration and total disrespect." (*Id.*)

In Claim I, Plaintiff alleges that Dr. Tate violated the Cruel and Unusual Punishments Clause. (*See id.* at 3.) In Claim II, Plaintiff alleges that Dr. Tate and Officer Toscano retaliated against him in violation of the Free Speech Clause. (*See id.* at 4.) Plaintiff also alleges that Defendants violated his due process rights under the Fourteenth Amendment. (*See id.* at 6.)

**D. Plaintiff's Claims for Relief**

1. <u>Deliberate Indifference to Serious Medical Needs</u>

"Prison officials violate the Eighth Amendment if they are 'deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care…." *Estelle*, 429 U.S. at 104-05. "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta*, 744 F.3d at 1081 (internal quotation marks and citations omitted). "A prison official is deliberately indifferent to that need if he 'knows of and disregards an excessive risk to inmate health.'" *Id.* at 1082 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The test for deliberate indifference to medical needs is two-pronged and has objective and subjective components. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). To establish such a claim, a prisoner must first "show a serious medical need by demonstrating that failure to treat [the] prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Id.* (internal quotation marks and citation omitted).

As to the first, objective prong, "[i]ndications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an

4

individual's daily activities; or the existence of chronic and substantial pain.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted).

As to the second, subjective prong, deliberate indifference "describes a state of mind more blameworthy than negligence" and "requires more than ordinary lack of due care for the prisoner's interests or safety." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (internal quotation marks and citation omitted). Deliberate indifference exists where a prison official "knows that [an] inmate[] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. In medical cases, this requires showing, "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citation omitted). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but [he] 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (internal quotation marks and citation omitted).

The Court finds that Plaintiff states a cognizable deliberate indifference claim against Dr. Tate. As to first, objective prong, Plaintiff alleges that he suffers from significant, chronic pain, which constitutes a "serious medical need." *See Colwell*, 763 F.3d at 1066. As to the second, subjective prong, Plaintiff states that Dr. Tate refuses to provide him pain medication or any other pain management, despite his constant complaints. Plaintiff alleges that Dr. Tate responds to his requests for treatment not with professional or medical judgment, but with disdain and hostility. Plaintiff therefore shows that the defendant has purposefully failed to respond to his pain or medical need, and that Plaintiff has been harmed as a result. *See Wilhelm*, 680 F.3d at 1122.

///

|     |                                                                                           |
| --- | ----------------------------------------------------------------------------------------- |
| 1   |         2.   <u>Retaliation</u>    |

### 2. Retaliation

A claim for retaliation has five elements. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). First, a plaintiff must allege that he engaged in protected activity. *Id.* For example, filing an inmate grievance is protected, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as is the right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *see also Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Second, the plaintiff must show that the defendant took adverse action against him. *Watison*, 668 F.3d at 1114 (citation omitted). "Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct." *Id.* In other words, the plaintiff must claim the defendant subjected him to an adverse action *because of* his engagement in protected activity. *Rhodes*, 408 F.3d at 567. "Fourth, the plaintiff must allege that the official's acts would chill or silence a person of ordinary firmness from future [protected] activities." *Watison*, 668 F.3d at 1114 (internal quotation marks and citation omitted). "Fifth, the plaintiff must allege 'that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution….'" *Id.* (quoting *Rizzo*, 778 F.2d at 532).

Plaintiff states a cognizable retaliation claim against Dr. Tate and Correctional Counselor Toscano. Plaintiff alleges that he engaged in protected conduct, i.e., filing a health care grievance, and that Defendants stopped his pain medication and removed his "high risk medical chrono" because of this. (Doc. 1 at 14-16.) Although Plaintiff does not explicitly state that Defendants' actions chilled him from future protected activities, given the severity of Plaintiff's chronic pain, the chilling effect can be assumed. *See Rhodes*, 408 F.3d at 568 n.11 ("harm that is more than minimal will almost always have a chilling effect").

### 3. Due Process Violation

The Fourteenth Amendment protects persons from deprivations of life, liberty, or property without due process of law. U.S. Const. amend. XIV. Protected liberty interests may arise both from the Constitution itself or from state law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted). "A state may create a liberty interest through statutes, prison regulations, and policies." *Chappell v. Mandeville*, 706 F.3d 1052, 1063 (9th Cir. 2013) (citation omitted).

When a protected liberty interest is implicated, the Due Process Clause provides certain

procedural guarantees. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). The amount of process or specific procedures required vary by context and the particular interest at stake. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). For example, when a prisoner is charged with a disciplinary violation, and a protected liberty interest is at stake, the prisoner is entitled to (1) advance written notice of the charge, (2) an opportunity to present evidence and call witnesses, and (3) a written statement by the factfinder of the evidence relied upon and the reason(s) for the discipline. *Wolff v. McDonnell*, 418 U.S. 539, 564-570 (1974); *see also Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003). In addition, a disciplinary decision must be supported by "some evidence." *See Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

With respect to Plaintiff's due process claim, the Court is unsure if Plaintiff complains of the removal of his "high risk medical chrono" by the prison's classification committee, or the denial of his health care grievances by CCHCS. In either case, Plaintiff does not allege that CDCR generally, or the defendants specifically, denied him adequate procedural guarantees. To the extent that Plaintiff bases his claim on the denial of his grievances, the Court notes that prisoners do not have a constitutional right to specific grievance procedures.[1] *See Woodford v. Ngo*, 548 U.S. 81, 85, 93 (2006). Plaintiff, therefore, does not state a cognizable due process claim.

## II. CONCLUSION AND ORDER

For the reasons set forth above, the Court orders Plaintiff, **within 21 days**, to file a first amended complaint OR, in the alternative, to notify the Court that he wishes to proceed only on his deliberate indifference and retaliation claims. If Plaintiff no longer wishes to pursue this action, he may file a notice of voluntary dismissal. If Plaintiff needs an extension of time to comply with this order, he shall file a motion seeking an extension **no later than 21 days** from the date of service of this order.

Plaintiff is informed that an amended complaint supersedes the original complaint, *Lacey*

---

[1] However, a prison's grievance procedures are relevant to whether a prisoner exhausts his administrative remedies. *See Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016).

*v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. The Court provides Plaintiff with an opportunity to amend his complaint to cure the deficiencies identified in this order. However, Plaintiff may not change the nature of this suit by adding unrelated claims in an amended complaint. Accordingly, the Court **ORDERS**:

1. Plaintiff is **GRANTED** leave to file a first amended complaint;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and,
3. **Within 21 days** from the date of service of this order, Plaintiff shall file **one of the following three items**:
    a. a first amended complaint curing the deficiencies identified in this order, OR
    b. a notice that he does not wish to file a first amended complaint and, instead, wishes to proceed only on his retaliation and deliberate indifference claims and to dismiss his due process claim, OR
    c. a notice of voluntary dismissal of this entire case.

**If Plaintiff fails to comply with this order, the Court will recommend that this action proceed only on the claims found cognizable herein and that all other claims be dismissed with prejudice.**

IT IS SO ORDERED.

   Dated: **January 13, 2020**        **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE